# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1061V**

|  |  |
|---|---|
| MARILYN HENDRICKS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2026 |

*Douglas Alan Pettit, Pettit Kohn Ingrassia Lutz, & Dolin, San Diego, CA, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 23, 2019, Marilyn Hendricks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a syncopal episode following an influenza vaccine she received on October 11, 2017. Petition, ECF No. 1. On September 15, 2020, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 18. On August 6, 2025, I issued a decision awarding compensation to Petitioner following a damages hearing. ECF No. 57.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $100,243.60 (representing $97,663.70 in fees plus $2,579.90 in costs). Petitioner's Brief in Support of the Application for Attorneys' Fees and Costs ("Motion") filed December 3, 2025, ECF No. 61. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 61-1.

Respondent reacted to the motion on December 18, 2025, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent specifically notes, however, excessive travel costs associated with Petitioner's work on this matter. Respondents' response to Motion at ECF No. 62. On December 24, 2025, Petitioner filed a reply requesting that all food-related items and one hotel night expense be removed from consideration for reimbursement, adjusting her total requested costs amount to $1,960.05. ECF No. 63.

I have reviewed the billing records submitted with Petitioner's request, and find a reduction in the amount of attorney fees to be awarded appropriate, as explained below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Douglas Pettit: $439.00 for work performed in 2018; $448.00 for work performed in 2019; $467.00 for work performed in 2020; $491.00 for work performed in 2021; $507.00 for work performed in 2022; $534.00 for work performed in 2023; $550.00 for work performed in 2024; and $562.00 for work performed in 2025. These rates require further evaluation and adjustment.

Mr. Pettit has been a licensed attorney since 1992 (Motion at 61-2), placing him in the range of attorneys with 31+ years of experience based on the OSM Attorneys' Hourly Rate Fee Schedule.[3] Although the requested rates fall within OSM's relevant range given Mr. Pettit's level of experience, some rates are on the range's high end – despite his lack of experience handling Program matters, with this appearing to be his first Vaccine Act case. Overall experience dictates what tier an attorney falls within, but other factors (including Program experience) still apply in determining the exact rate to be utilized. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Based on my experience applying the factors relevant to determining reasonable hourly rates for Program attorneys, I hereby award attorney Mr. Pettit the following hourly rates: $392.00 for work performed in 2018; $403.00 for work performed in 2019; $425.00 for work performed in 2020; $451.00 for work performed in 2021; $471.00 for work performed in 2022; $497.00 for work performed in 2023; $528.00 for work performed in

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

2024; and $562.00 for work performed in 2025. **This results in a reduction of the amount of attorney fees to be awarded of $2,118.80.**[4]

In addition, Petitioner filed a breakdown of billing rates on May 27, 2026, in response to a scheduling order requesting clarification. ECF No. 65. The breakdown states that associate Julia Dalzell (who is not admitted to practice in the Court of Federal Claims) billed at an attorney rate prior to the Petition being filed, but at a clerk/paralegal rate following filing of the petition on July 23, 2019. ECF No. 1. Specifically, Ms. Dalzell performed 18.7 hours of work in this matter in 2018 at the rate of $210.00, and 39.5 hours of work in this matter at the rate of $235.00 from January 1 - July 23, 2019. Work performed after July 23, 2019, was billed at the correct paralegal rate of $156.00. Work performed prior to being admitted to the Court, regardless of when the claim is filed, can only be billed at a paralegal rate. I thus award Ms. Dalzell the hourly rates of $153.00 for work performed in 2018, and $156.00 for all work performed in 2019. This results in a reduction of $**4,186.40**.[5]

## ATTORNEY COSTS

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,960.05 in attorneys' costs comprised of acquiring medical records, the Court's filing fee, copies, postage, conference calls, a transcript, and adjusted costs associated with Mr. Pettit's travel to Washington, DC for a hearing on damages. Petitioner has provided supporting documentation for all claimed costs. ECF No. 61-10 at 1-20 . I find the requested costs reasonable and hereby award them herein.

---

[4] This amount consists of reducing Douglas Pettit's rates for 2024 from $550.00 to $528.00, 2023 from $534.00 to $497.00, 2022 from $507.00 to $471.00, 2021 from $491.00 to $451.00, 2020 from $467.00 to $425.00, 2019 from $448.00 to $403.00, and 2018 from $439.00 to $392.00 and is calculated as follows: ($550.00 - $528.00 = $22.00 x 3.2 hrs.) + ($534.00 - $497.00 = $37.00 x 15.3 hrs.) + ($507.00 - $471.00 = $36.00 x 16.0 hrs.) + ($491.00 - $451.00 = $40.00 x 6.0 hrs.) + ($467.00 - $425.00 = $42.00 x 6.2 hrs.) + ($448.00 - $403.00 = $45.00 x 6.2 hrs.) +  ($439.00 - $392.00 = $47.00 x 2.7 hrs.) = $2,118.80.

[5] This amount consists of reducing Julia Dalzell's rate for 2018 from $210.00 to $153.00 and 2019 from $235.00 to $156.00 and is calculated as: ($210.00 - $153.00 = $57.00 x 18.7 hrs.) + ($235.00 - $156.00 = $79.00 x 39.5 hrs.) = $4,186.40.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $93,318.55 (representing $91,358.50 in fees plus $1,960.05 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.